**The People of the State of New York, Respondent, v Raymond Diaz, Appellant.** [802 NYS2d 157]—

Judgment, Supreme Court, New York County (Herbert I. Altman, J., at hearing; Budd G. Goodman, J., at plea and sentence), rendered March 4, 2004, convicting defendant of attempted criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). The police had, at the very least, an objective, credible reason upon which to request identification from defendant, a passenger in a vehicle which was illegally stopped in a bus stop, after defendant acted in a highly suspicious and disorderly manner (*see People v Hollman*,

79 NY2d 181 [1992]; *People v Alvarez*, 308 AD2d 184, 187-188 [2003], *lv denied* 1 NY3d 567 [2003]). The lawful request for identification led to probable cause to believe defendant was wanted on an outstanding warrant. The record also supports the hearing court's alternative finding that the police had probable cause to arrest defendant for disorderly conduct, and defendant's appellate arguments to the contrary are unpreserved and unavailing. Concur—Tom, J.P., Andrias, Sullivan, Gonzalez and Sweeny, JJ.